IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICIA A. NICKERSON and
RUSSELL E. NICKERSON,

    Plaintiffs,

v.                                                  Civil Action No. 5:10CV105
                                                         (STAMP)
STATE FARM INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING AS FRAMED DEFENDANT'S MOTION FOR PROTECTIVE ORDER[1]

I. Background

The plaintiffs filed this civil action in the Circuit Court of Marshall County. In their complaint, the plaintiffs make claims for Underinsured Motorist Coverage under their State Farm Automobile Insurance policy, as well as for bad faith denial of coverage under that policy following an automobile accident on November 5, 2009 in St. Clairsville, Ohio. Mrs Nickerson was allegedly injured in that accident as a result of the negligence of an underinsured driver. Mr. Nickerson seeks to recover damages for loss of spousal consortium. The defendant removed the action to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] This memorandum opinion and order confirms in detail the ruling given to counsel by letter earlier today.

Under the November 30, 2010 scheduling order in this case, expert disclosures were to be made, and were made, in June and early July of 2011, and all discovery closed by August 1, 2011.  No motions or stipulations have been filed to extend any deadlines set by the November 2010 scheduling order.  On October 21, 2011, defendant State Farm filed a motion for protective order in an attempt to quash a subpoena duces tecum served upon it and a second upon its designated expert witness, Dr. Zorub, on October 19, 2011 demanding production of "Copies of all reports authored by Dr. David Zorub at the request or for the benefit of State Farm Insurance Company . . ."  The subpoenas requested copies of any and all depositions and/or "IME" reports authored on behalf of State Farm by Dr. Zorub.[2]  The defendant argues that the information requested in these subpoenas is outside the scope of discovery allowed by Federal Rule of Civil Procedure 26 because it is not relevant nor is it calculated to lead to the discovery of relevant information.  Further, State Farm contends that information already presented to the plaintiffs is sufficient for plaintiffs to base a line of questioning designed to show bias during cross-examination.  Finally, the defendant says that neither Dr. Zorub nor State Farm

---

[2]Information regarding the actual documents sought is taken from the plaintiff's response to the defendant's motion for protective order.  While copies of the subpoenas were provided to this Court, each subpoena refers to documents "as identified in the attached Exhibit."  However, the "attached exhibits" have not been provided to the Court.

2

possess deposition and trial transcripts for every case in which Dr. Zorub has testified in the past four years, and obtaining this information would be unduly burdensome.

The plaintiffs filed a response to the motion for protective order. In their response, the plaintiffs aver that, on October 6, 2011, the day before Dr. Zorub's earlier scheduled deposition, the defendant provided a list of cases in which Dr. Zorub had served as an expert witness, and the list revealed that State Farm employs Dr. Zorub quite often in this capacity. The plaintiffs also explain that they have obtained previous reports of Dr. Zorub's in which he came to the same medical conclusion that he has reached in this case. As such, they argue, the information requested by the challenged subpoenas is relevant for an inquiry into the extent of possible bias on the part of Dr. Zorub. It is further argued that counsel for the defendant has informed the plaintiffs that Dr. Zorub is in possession of the reports sought but not the transcripts. The plaintiffs also maintain that all requested materials are discoverable under Rule 26 because the sought materials are depositions and reports authored by the defendant's expert.

For the reasons stated herein, this Court finds that the subpoena in issue is untimely. Therefore, the defendant's motion for protective order is granted for that reason.

## II. Applicable Law

Rule 16 of the Federal Rules requires that the court presiding over a civil action set a schedule by way of a scheduling order, which can only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Further, Rule 16 mandates that scheduling orders "limit the time to join other parties, amend the pleadings, <u>complete discovery</u>, and file motions." Fed. R. Civ. P. 16(b)(3)(a) (emphasis added).

The general provisions governing the scope and methods for discovery are defined in Rule 26 of the Federal Rules of Civil Procedure. Under Rule 26(a)(5), the federal rules outline the methods for obtaining discovery:

> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things . . . under Rule 34 or 45(a)(1)(c) . . .

## III. Discussion

While it is an unsettled subject in the Fourth Circuit, a majority of federal courts, including this Court, have found that Rule 45 subpoenas duces tecum constitute discovery under Rule 26, and are thus subject to the time limitations of Rule 16 Scheduling Orders with only slim exceptions. <u>Martin v. Oakland County</u>, 2008 WL 4647863, (E.D. Mich. Oct. 21, 2008) (No. 2:06-CV-12602); <u>Rice v. United States</u>, 164 F.R.D. 556 (N.D. Okla. 1995); <u>Fabery v. Mid-South Ob-GYN</u>, 2000 WL 35641544 (W.D. Tenn. May 15, 2008) (No.

4

06-2136 D/P); Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562 (W.D.N.C. 2002); Puritan Inv. Corp. v. ASLL Corp., 1997 WL 793569 (E.D. Pa. Dec. 9, 1997 (No. CIV. A. 97-1580); Alper v. US, 190 F.R.D. 281 (D. Mass., 2000); Garvin v. So. States Ins. Exch. Co., 2007 U.S. Dist. LEXIS 63664 (N.D. W. Va. Aug. 28, 2007) (No. 1:04-CV-73); Haught v. The Louis Berkman LLC, Civil Action No. 5:03-CV-109 (N.D. W. Va. Feb. 22, 2006). In addition to the strong weight of case law favoring the conclusion that Rule 45 subpoenas constitute discovery, logic independently mandates such a finding. Rule 26 specifically includes subpoenas of documents pursuant to Rule 45 as a means of discovery, and in requesting documents through Rule 45, parties seek to obtain information about their case that is held by another party, the identical purpose which drives all types of Rule 26 discovery.

Further, subpoenas duces tecum seeking production of documents from third-parties likewise constitute discovery. Federal Rule of Civil Procedure 34(c) focuses on subpoenas and production of documents by third-parties. Rule 34(c) states: "[a]s provided in Rule 45, a nonparty may be compelled to product documents and tangible things." As aptly articulated by the Northern District of Oklahoma in Rice, "[t]he inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute [sic] discovery." 164 F.R.D. at 557.

Although the issue of timeliness of the subpoenas was not raised by either party in this case, it is clear to this Court that the subpoenas constitute discovery, and are therefore subject to this Court's discovery deadline of August 1, 2011, set forth in the scheduling order for this case. The plaintiffs are seeking to discover information that, by their own admission, they intend to use to "further explore any potential bias on the part of Dr. Zorub." This is an intention that does not fall into any conceivable exception to the general conclusion that Rule 45 subpoenas constitute discovery. The plaintiffs do not already possess copies of this information and are simply seeking originals for use at trial, nor are they attempting to obtain documents to serve as exhibits in conjunction with information previously discovered pursuant to depositions or answers to interrogatories or the like. See Garvin, 2007 U.S. Dis. LEXIS 63664, *8-9. The plaintiffs seek to discover and further investigate evidence of bias on the part of the defendant's expert.

Additionally, the defendant identified Dr. Zorub as its expert witness in this case on June 14, 2011, allowing the plaintiffs roughly one and one-half months to serve him with subpoenas to obtain documents for use to show bias during cross-examination. It is not a novel concept to impeach an expert witness based upon possible bias toward the party hiring the expert. Nor is it reasonable to believe that the possibility of impeaching based upon

such bias would have never occurred to the plaintiffs until the receipt of Dr. Zorub's history with State Farm. Accordingly, there is no reason why the plaintiffs would have been unable to research Dr. Zorub's past work as an expert during discovery.

Nor does the fact that the parties had apparently informally agreed to depose Dr. Zorub after the discovery deadline, or that State Farm has previously acquiesced to post-discovery subpoenas served by the plaintiffs, alter this Court's determination as to the subpoenas at issue here. Under Rule 16, rights to conduct discovery after the discovery deadline set by the Scheduling Order do not exist without good cause and leave of the court. No motions for extension of discovery or for leave to serve post-discovery subpoenas have been filed, nor has leave been granted. The time constraints mandated by Rule 16 exist for the purposes of avoiding delay and preventing burden and surprise late in the case as the parties prepare for trial. Circumventing these discovery deadlines "unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." Marvin Lumber & Cedar Co. v. PPG Indus., 177 F.R.D. 443, 445 (D. Minn. 1997). Further, this Court maintains the inherent power vested with the federal courts to control the progression of cases before it, and currently declines to allow further discovery to occur five days before trial is set to begin. Woodson v. Surgitek, 57 F.3d 1406, 1417 (5th Cir. 1995) ("The

7

federal courts are vested with the inherent power 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' This power is necessarily incident to the judicial power granted under Article II of the Constitution.") (quoting Link v. Wabash R. Co., 370 U.S. 626, 630 (1962). A district court is afforded "substantial discretion in managing discovery . . ." Lone Star Steakhouse & Saloon v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995). Accordingly, the defendant's motion for protective order must be granted as the subpoenas subject to the motion are untimely under this Court's scheduling order for this case. However, the deposition of Dr. Zorub scheduled to commence, by agreement of counsel, on October 28, 2011 at 10:00 a.m. shall proceed but without the obligation of Dr. Zorub or State Farm to comply with the requests in the two October 19, 2011 subpoenas duces tecum.

## IV. Conclusion

For the reasons stated above, the defendant's motion for protective order is hereby GRANTED AS FRAMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:      October 27, 2011

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE