IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICIA A. NICKERSON and
RUSSELL E. NICKERSON,

    Plaintiffs,

v.                                       Civil Action No. 5:10CV105
                                                (STAMP)
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## RULING ON MOTIONS IN LIMINE

On October 17, 2011, this Court held a pretrial conference in the above-styled civil case. At this pretrial conference, this Court ruled on seven motions in limine. However, the court deferred ruling on the plaintiffs' first motion in limine pending further consideration, and also deferred ruling on the defendant's motion in limine pending further briefing by the parties. The Court also granted leave for the plaintiffs to file an additional motion in limine, which the plaintiffs did file on October 18, 2011.

The defendant did not file a response to the plaintiffs' October 18, 2011 motion in limine, and as such, this motion in limine (ECF No. 50) is hereby granted without opposition. Further, this Court finds it appropriate to defer ruling on the plaintiffs' first motion in limine (ECF No. 28) because, based upon the filings of the parties, this Court has been unable to discern at this time the relevance and/or admissibility of the photographs and documents

subject to the motion, nor has this Court been able to discern whether a witness has been named who will testify as to their relevance and/or admissibility.

However, after further consideration of the relevant law, the defendant's motion in limine (ECF No. 34) must be denied. This motion in limine by the defendant seeks to preclude evidence of Mrs. Nickerson's medical bills which have been previously paid by the medical payments coverage contained in her State Farm Mutual Automobile Insurance Company ("State Farm") policy. The basis for this motion is the language of the underinsured motorist coverage in the policy, which states that the amount of damages paid under the underinsured motorist coverage will be reduced by "any damages that have already been paid or that are payable as expenses under Medical Payments Coverage [MPC] of this policy . . ." The plaintiffs claim that this policy provision is unenforceable under West Virginia Code § 33-6-31(b).

The West Virginia Supreme Court has found that policy interpretation must begin by inquiring as to whether the terms of an insurance policy are in accord with the "language, purpose and intent of the applicable statute." Adkins v. Meador, 201 W. Va. 148, 153 (1997). West Virginia Code § 33-6-31(b) provides that "No sums payable as a result of underinsured motorists' coverage shall be reduced by payments made under the insured's policy or any other policy." After reviewing this language along with West Virginia case law, this Court finds that the language reducing damages under

underinsured motorist coverage by the amount already paid by MPC is not in accord with West Virginia Code § 33-6-31(b) or the public policy behind it, and thus must deny the defendant's motion in limine on the grounds that the policy term supporting it is unenforceable.

The defendant claims that the policy provision in question does not affect the amount of coverage available to the plaintiffs, so the provision is not proscribed by § 33-6-31. However, this Court cannot agree with this argument. The West Virginia Supreme Court has consistently articulated as strong public policy in underinsured motorist coverage cases that all damages not paid by the underinsured motorist be fully and completely compensated up to the limits of the injured party's underinsured motorist coverage. State Auto Mut. Ins. Co. v. Youler, 183 W. Va. 556, 564 (1990). Additionally, the exact language contained in the Nickersons' State Farm policy has been struck down by West Virginia courts on multiple occasions as against the language and the spirit of § 33-6-31. In Berry v. Ramsey, Civil Action No. 10-C-455 (Cir. Ct. Berkeley Cty. Oct. 19, 2011), the West Virginia Circuit Court of Berkeley County found that State Farm's policy language which lowered the recovery payable from underinsured motorist coverage by the amount of medical payments made under MPC was unenforceable as "untenable under the current state of West Virginia law." Id. at *2. Further, in Schatken v. State Farm Mutual Automobile Ins. Co., Civil Action No. 10-C-367 (Cir. Ct. Jefferson Cty. Feb. 3, 2011),

3

the Circuit Court of Jefferson County found that the exact policy language at issue in the Nickersons' policy was unenforceable, "pursuant to the clear and unambiguous language of the statute, [as] underinsured motorist coverage cannot be reduced by any other insurance including, but not limited to, an insured's own medical payments coverage." Id. at *8.

This Court agrees with the circuit courts cited above in finding that the language of § 33-6-31, especially when coupled with the above-described public policy consistently articulated by the West Virginia Supreme Court of Appeals, mandates that any reduction of underinsured motorist payments based upon previous payment from MPC is against West Virginia law. Therefore, this Court must deny the defendant's motion in limine, which is based upon an attempt to do just that.

Accordingly, the plaintiffs' motion in limine to exclude evidence, testimony or argument regarding the severity of the accident or its ability to cause the plaintiffs' injuries (ECF No. 50) is GRANTED without opposition and the defendant's motion in limine (ECF No. 34) is hereby DENIED. With respect to this issue, however, the parties are DIRECTED to submit proposed verdict forms with the Court so that the jury may delineate the amount, if any, of possible damages to be considered in this case and which may be attributable to medical bills. Finally, this Court defers ruling on plaintiffs' first motion in limine (ECF No. 28) until such time as it can be determined whether the photographs and documents

subject to that motion are relevant and admissible. As such, until this Court has had the opportunity to fully consider this issue, the parties are DIRECTED to refrain from making reference to any of the photographs and/or documents subject to the plaintiffs' first motion in limine during the trial for this case.

    IT IS SO ORDERED.

    The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

    DATED: October 31, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE