IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PATRICIA A. NICKERSON and
RUSSELL E. NICKERSON,

     Plaintiffs,

v.                                Civil Action No. 5:10CV105
                                                 (STAMP)

STATE FARM INSURANCE COMPANY,

     Defendant.


**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING MOTION TO CORRECT ORDER AND
GRANTING MOTION TO REINSTATE
PLAINTIFFS' CLAIMS OF BAD FAITH**

I.  Background

The plaintiffs filed this civil action in the Circuit Court of Marshall County, West Virginia. In their complaint, the plaintiffs made claims for underinsured motorist coverage under their State Farm Automobile Insurance policy, as well as for bad faith denial of coverage under that policy following an automobile accident on November 5, 2009 in St. Clairsville, Ohio. The plaintiffs' underinsured motorist claim was tried before a jury in this Court between November 1, 2011 and November 3, 2011. However, at some point, the defendant came to the conclusion that because the underlying tortfeasor held liability coverage which was below the statutory minimum amount of coverage in West Virginia, the plaintiffs' claim was actually an uninsured motorist claim rather than an underinsured motorist claim, as it had been pled in the

plaintiffs' complaint and as the parties had characterized it until the point of the defendant's conclusion to the contrary. Following a jury verdict in favor of plaintiff Patricia Nickerson only, judgment was entered in this case on November 3, 2011 in favor of plaintiff Patricia Nickerson in the amount of $226,735.68, the amount of the jury verdict. Following the entry of judgment, both the plaintiffs and the defendant filed post-trial motions.

The plaintiffs' post-trial motion asked this Court to alter the clerk's judgment order to include an award of pre-judgment interest and to reinstate the plaintiffs' bad faith claims, because the clerk's judgment inadvertently dismissed the entire case rather than just the plaintiffs' underinsured motorist claim.[1] The defendant's post-trial motion asked for an amended judgment reducing the $226,735.68 to $200,000.00, representing the policy limits of the plaintiffs' uninsured motorist coverage when the limits of both policies held by the plaintiffs are stacked. The defendant's post-trial motion also requested that this Court alter, pursuant to Federal Rule of Civil Procedure 59(e), its memorandum opinion and order regarding a motion in limine filed before trial, because that memorandum opinion and order relied on this Court's understanding at the time that the plaintiffs' claim was for underinsured motorist coverage. Both of these motions were fully

---

[1]Which, as explained above, was actually an uninsured motorist claim.

briefed, and this Court held a status conference and later a motion hearing regarding each of the motions.

Following the status conference, this Court granted the plaintiffs' motion to reinstate their bad faith claims, and by agreement of the parties, this Court granted the plaintiffs' motion for pre-judgment interest and granted, as also agreed to by the parties, the defendant's motion to amend/correct the judgment to policy limits.[2] At the motion hearing held before this Court on May 8, 2012, the parties discussed the defendant's Rule 59(e) motion, and this Court denied the motion. This memorandum opinion and order is in confirmation of that pronounced order denying defendant's motion for correction of order.

## II. Applicable Law

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier order pursuant to Federal Rule of Civil Procedure 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule

---

[2]This Court granted the plaintiffs' motion for pre-judgment interest by separate order entered following the motion hearing held in this case on May 8, 2012. This Court's exact rulings on these matters are fully outlined in that order. (See ECF No. 106.) Further, the defendant's motion to amend the judgment was granted by order declaring the judgment satisfied in the amount of $200,000.00. (See ECF No. 98.)

[of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." <u>Id.</u> A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. <u>Id.</u> It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III. <u>Discussion</u>

In support of its Rule 59(e) motion, the defendant argued that this Court based its opinion denying the defendant's motion to preclude evidence of medical bills paid by medical payments coverage on West Virginia Code § 33-6-31(b), which statutory section only applies to underinsured motorist coverage. Therefore, the defendant contended, because it was later determined that the plaintiffs' claim was actually an uninsured motorist claim, § 33-6-31 was inapplicable, and this Court's opinion relying on that statutory section thus creates in inaccurate record by suggesting that the plaintiffs' claim in this case was an underinsured motorist claim.

The defendant also asserted that it was not requesting a substantive change to this Court's ruling, nor was it requesting

4

that this Court reconsider the merits of that decision, but that it was simply requesting that this Court either limit that decision to this case only, or enter an order declaring that the opinion was the result of a mutual mistake.

The plaintiffs argued in response that the defendant failed to establish any of the grounds for amending an order pursuant to Rule 59(e), and that its motion should be denied as a result. The plaintiffs also argued that because the jury verdict in this matter exceeded policy limits and thus made the motion in limine, and this Court's ruling on the same, moot, this motion should be denied as demanding relief which would ultimately be advisory in nature. Following the discussion on the motion, this Court agreed with the plaintiffs and denied the defendant's motion to amend pursuant to Federal Rule of Civil Procedure 59(e) for the following reasons.

This Court found that the defendant failed to demonstrate any of the grounds for amending an earlier judgment or order pursuant to Rule 59(e) as articulated by the Fourth Circuit because (1) there was no argument presented that the law upon which this Court based its relevant opinion has changed; (2) while the defendant argued that perhaps "new" evidence allowed it to realize that the plaintiffs' claim was actually for uninsured motorist coverage, there is no contention that this evidence did not exist or was not attainable at the time of trial; and (3) while this Court acknowledged that the relevant opinion was the result of a mutual

mistake and/or error of fact, there is no argument that it was the result of a clear error of law, and because this order is moot with regard to the outcome of this case, no manifest injustice was or could have been shown. See Pacific Ins. Co., 148 F.3d at 403. Further, this Court agreed that, because the defendant did not ask for this Court to reconsider or change the merits of its opinion and because the relief sought by the defendant would have no effect on the outcome or future of this case, the matter was moot. This Court thus denied the defendant's Federal Rule of Civil Procedure 59(e) motion.

## IV. Conclusion

Accordingly, for the reasons stated above, this Court hereby confirms its previous pronounced orders. The plaintiffs' motion to reinstate their bad faith claims (ECF Nos. 87 and 92) is hereby GRANTED and the defendant's motion to correct order (ECF No. 86) is hereby DENIED.[3]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

---

[3]As stated above, this Court has, by separate order, granted the plaintiffs' motion to award pre-judgment interest (see ECF No. 106), and granted the defendant's motion to amend/correct judgment (see ECF No. 98).

DATED:     May 17, 2012


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE